UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-76 |
| | ) | |
| JULI GREENE, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**ORDER OF REVOCATION OF RELEASE PENDING
EXECUTION OF SENTENCE AND DETENTION**

This matter came before the Court on February 11, 2011, for a hearing on a Petition for Action on Conditions of Pretrial Release [Doc. 17], filed on February 10, 2011. Assistant United States Attorney Tracy L. Stone appeared on behalf of the Government. Attorney Robert R. Kurtz represented the Defendant, who was also present. The Court advised the Defendant of her rights and the violations alleged in the Petition. The Court found that she was competent to plead and understood the allegations against her.

The Defendant pled guilty to a one-count Information on August 16, 2010. At that time, she was permitted to be released on this Court's Order [Doc. 6] setting conditions of release pending her sentencing. District Judge Varlan sentenced the Defendant on January 7, 2011, to thirty months incarceration and recommended that the Defendant receive five hundred hours of substance abuse treatment while in the custody of the Bureau of Prisons. Although the Defendant's conviction is one for which detention pending execution of the sentence is mandatory, Judge Varlan found the

1

existence of exceptional reasons why detention would not be appropriate. See 18 U.S.C. § 3145©).
At the February 11 hearing, counsel agreed that the primary exceptional circumstance found by Judge Varlan was that time spent in custody would reduce the Defendant's likelihood of eligibility for the five hundred hour drug treatment program. In part, she would not have sufficient time left to serve when she arrived at the BOP facility to be considered for the five hundred hour program. Mr. Kurtz expressed his understanding that a twenty-eight-to-thirty-month sentence was presently the minimum eligible sentence that the BOP would consider, due to the time needed to complete the program and considering the twelve-month credit given for successful completion of the program and the waiting period before beginning the program. Accordingly, Judge Varlan found exceptional circumstances to exist and permitted the Defendant to remain on release on her present conditions and to self-report to serve her sentence once a BOP facility was designated. The Judgment [Doc. 16] was entered on January 14, 2011. The Defendant was designated to report to the Federal Prison Camp in Alderson, West Virginia (FPC Alderson), on February 22, 2011.

The Petition alleges that the tested positive for Oxycodone on February 3, 2011, (her third positive drug test since entering her guilty plea) and was discharged from her required individual counseling at Midway Rehabilitation Center the following day due to her inability to remain drug free. At the February 11 hearing, the Defendant admitted these violations. The Court also observed that the Defendant had tested positive for drugs before the hearing. Mr. Kurtz noted that the Defendant claimed that she had a negative drug test the previous day.

The Court finds that the Defendant has violated her conditions of release, specifically the condition that she refrain from use of a narcotic drug, and that she is a danger to the community. Further, under 18 U.S.C. § 3143, the Defendant is a person who has pled guilty and is awaiting

2

execution of her sentence. Accordingly, she must be detained unless she can show by clear and convincing evidence that she is not likely to flee or to pose a danger to the community if released. 18 U.S.C. § 3143. Based upon the violations, which the Defendant has admitted, the Court finds the lack of any such evidence, much less clear and convincing evidence, that the Defendant would not be a danger.

The Court next considered whether the Defendant would be detained as a result of the violations. The Government argued that the Defendant must be placed in custody because detention is mandatory in this case. Mr. Kurtz proposed that the Defendant go into custody until her report date of February 22, 2011, on which day, she would be released to the custody of her mother, who would transport the Defendant directly to FPC Alderson. He argued that the Defendant's time in custody prior to her arrival at FPC Alderson reduced her chance to get into the five hundred hour drug treatment program. He offered to present the mother's testimony to the Court at a separate hearing.

AUSA Stone argued that he did not challenge this proposal conceptually, but, practically, he was concerned about the Defendant using drugs on the day she was released to travel to FPC Alderson and how to craft an order that would effectuate the proposal. Mr. Stone requested that if the Court did permit the Defendant to self-report, that it order that she have no contact with persons other than her mother. United States Marshal Chuck Pittman was present in the courtroom and told the Court that if the Defendant were transported while in custody, it would likely take two to four weeks for her to arrive at FPC Alderson.

The Court finds that the Defendant still qualifies for mandatory detention. Arguably, the primary exceptional circumstance (that the time spent in custody prior to arrival at FPC Alderson

will reduce the Defendant's eligibility for the five hundred hour drug treatment program) is still present, although to a lesser degree now that she is within two to four weeks of arrival, rather than some six weeks or more like she was at the time of her sentencing hearing. Additionally, the Court finds that despite her knowledge that she was released and permitted to self-report to increase her chances of qualifying for the drug treatment program, the Defendant violated the conditions of her release, thus, jeopardizing her own chances. Moreover and importantly, the Court finds that if it were to release the Defendant on February 22, 2011, to permit her to self-report, the Defendant's past conduct of taking narcotics four times while on release (and testing positive on two occasions since her sentencing hearing, once immediately before her revocation hearing) reveals that she would not abide by the conditions this Court would impose for her release to travel. Accordingly, the Order [**Doc. 6**] setting conditions of release is hereby **REVOKED**, and the Defendant is **REMANDED** to the custody of the United States Marshal.

       **IT IS SO ORDERED.**

                                                    ENTER:

                                                    _s/ C. Clifford Shirley, Jr._
                                                    United States Magistrate Judge